The People ex rel. Stephen Kimball, Respondent, *v.* The Boston and Albany Railroad Company, Appellant.

Under the power reserved to the Legislature by the Constitution and the laws of the state (Const., art. 8, § 1; 1 R. S., 600, § 8; § 8, chap. 140, Laws of 1850), it may impose upon a railroad corporation created by it such additional restrictions and burdens as the public good requires.

The act, therefore, of 1874 (chap. 648, Laws of 1874), requiring the B. & A. R. R. Co. to construct a bridge in the manner specified over the R. & C. turnpike road is constitutional.

*It seems,* that the Legislature which has created them may regulate the mode in which railroad corporations may transact their business, the price they may charge for the transportation of freight and passengers, the speed at which they may run their trains, the way in which they may cross or run upon highways or turnpikes used for public travel, and may make all appropriate regulations to protect the lives of passengers upon railroads, or upon highways crossed by them, although the power to amend the charters of such corporations has not been reserved.

(Argued September 18, 1877 ; decided September 25, 1877.)

Appeal from order of the General Term of the Supreme Court in the third judicial department, affirming an order of Special Term requiring defendant to build a bridge to carry the road of the Rensselaer and Columbia Turnpike Company, as required by the act chapter 648, Laws of 1874.

It was contended upon the part of the railroad corporation that the act in question was unconstitutional.

Defendant was created by the consolidation of certain other railroad corporations, under and by the act chapter 917, Laws of 1869.

*Samuel Hand,* for the appellant. The act requiring defendant to build the bridge was unconstitutional. (Const. U. S., art. 1, § 10; Const. N. Y., art. 1, § 6; Potter's Dwarris, 477; *Dart. Col.* v. *Woodward,* 4 Wheat., 518; *Benson* v. *Mayor,* etc., 10 Barb., 223; *Bing. Bridge Case,* 3 Wal., 51; *West River Bridge Co.* v. *Dix,* 6 How. [U. S.], 507.) The Legislature had no authority to impose upon defendant

such a burden.    (2 Redf. on Law of Railways [3d ed.], 435; § 232, sub. 4; *Miller* v. *N. Y. E. R. R.*, 21 Barb., 513.)

*Amasa J. Parker*, for the respondent.    The Legislature had power to require the bridge to be built.    (*Bk. of Chenango* v. *Brown*, 26 N. Y., 457; *People ex rel. McLean* v. *Mitchell*, 46 id., 401; *People* v. *Batchellor*, 53 id., 128; *People* v. *Tweed*, 63 id., 202; *Queensbury* v. *Culver*, 19 Wal., 83.)    Mandamus was the proper remedy.    (5 Wait's Pr.; *People ex rel.* v. *T. & B. R. R. Co.*, 37 How. Pr., 427.) The relator had a right to prosecute this proceeding.    (5 Wait's Pr., 570; 1 Den., 617; 1 How. Pr., 186; 19 Wend., 56; *People* v. *Halsey*, 37 N. Y., 344, 348.)    A peremptory mandamus was properly ordered in the first instance.    (7 Cow., 526; 4 Abb., 35; 39 Barb., 522; 27 N. Y., 378; 2 Abb. [N. S.], 78.

Earl, J.    The defendant's railroad crossed the Rensselaer and Columbia turnpike in the town of East Greenbush, in Rensselaer county, and in 1874, the Legislature, by chapter 647 of the laws of that year, enacted that the defendant should, within one year, construct a bridge at the point of intersection of the railroad and turnpike, so as to carry the turnpike over the railroad, in the manner particularly specified in the act.    The railroad omitted to construct the bridge, and this order was made directing a peremptory mandamus to issue commanding it to do so.

Railroad corporations hold their property and exercise their functions for the public benefit, and they are therefore subject to legislative control.    The Legislature which has created them, may regulate the mode in which they shall transact their business, the price which they shall charge for the transportation of freight and passengers, the speed at which they may run their trains, and the way in which they may cross or run upon highways and turnpikes used for public travel.    It may make all such regulations as are appropriate to protect the lives of persons carried upon rail-

roads, or passing upon highways crossed by railroads. All this is within the domain of legislative power, although the power to alter and amend the charters of such corporations has not been reserved.

This whole subject of the legislative power over railroads, and even private persons holding and using their property for public purposes, has been so fully discussed recently in the Supreme Court of the United States, in the *Granger cases* and the *Chicago Elevator case*, as to make further discussion unnecessary here. Such legislation violates no contract, takes away no property, and interferes with no vested right. But the defendant was incorporated under chapter 917 of the laws of 1869 by the consolidation of other railroad companies, and hence it took its charter under the Constitution, and the laws subject to the right of the Legislature to alter or amend it. (1 R. S., 600; § 8, Const., art. 8, § 1; Laws of 1850, chap. 140, § 48.)

Under this reserved power, the Legislature may impose upon railroad corporations such additional restrictions and burdens as the public good requires. It may not confiscate property, but it cannot be doubted that it can do all that is required by the act of 1874. (*Albany Northern Railroad Company* v. *Brownell*, 24 N. Y., 345, 351.)

The order must be affirmed, with costs.

All concur.

Order affirmed.