WASHINGTON, The GEORGE. See Case No. 4,100.

WASHINGTON, The MARTHA. See Case Nos. 1,513 and 9,148.

WASHINGTON, The MARY. See Case No. 9,229.

WASHINGTON, The MARY, v. AYRES. See Case No. 9,229.

WASHINGTON COUNTY (DURANT v.). See Case No. 4,191.

WASHINGTON FIRE & MARINE INS. CO. (TIDMARSH v.). See Case No. 14,024.

## Case No. 17,242.

WASHINGTON IMP. CO. v. KANSAS PAC. RY. CO.

[5 Dill. 489.] [1]

Circuit Court, D. Kansas. 1879.

### REMOVAL OF CAUSES — ACT OF MARCH 3D, 1875 — CIVIL SUIT AT LAW—MANDAMUS PROCEEDING — REGISTRATION OF TRANSFER OF STOCK.

A proceeding by mandamus in the state court, under the statutes of Kansas (Gen. St. 1868, p. 766), to compel the defendant company to register the transfer of certificates of stock held by the plaintiff, is a "suit of a civil nature at law," within the meaning of the removal act of March 3d, 1875 [18 Stat. 470], and, upon proper application, may be transferred to the circuit court of the United States.

[Cited in Erwin v. Walsh, 27 Fed. 581; People v. Colorado Cent. R. Co., 42 Fed. 640.]

On motion to remand cause to the state court. This was a proceeding by mandamus brought in the state court pursuant to the state statutes (Gen. St. Kan. c. 80, p. 766). The object was to compel the defendant company to register the transfer of certain certificates of shares therein of which the plaintiff corporation alleges itself to be the owner; and the plaintiff also prays damages for the wrongful refusal of the defendant to make or allow such registration. The plaintiff is a corporation created by the state of Pennsylvania; the defendant by the state of Kansas. The defendant filed in the state court a petition and bond, in apt form and in proper time, for the removal of the cause to this court. The plaintiff moves to remand the same to the state court.

Crozier & Stillings, for the motion.

Mr. Usher, contra.

MILLER, Circuit Justice (orally). This motion must be denied. This is a "suit of a civil nature at law" within the meaning of the act of congress of March 3d, 1875. The statutes of Kansas so treat it, both in the procedure and the judgment to be rendered. Gen. St. 1868, p. 766. It was substantially so held by this court in a case whose judgment was affirmed last winter by the supreme court, in which it was decided that the judgment in mandamus had the conclusiveness of judgments in other cases as to matters directly involved and determined. Block v. Commissioners, 99 U. S. 686. This litigation relates to property rights, and the controversy is a suit within the language, purpose, and policy of the removal act. The writ of mandamus in such cases as this does not retain its prerogative character, and this is really a civil proceeding to determine the rights of the parties in respect to property. It is my individual judgment that the words "suit of a civil nature at law" do not relate to the form of the suit or proceeding so much as to its substance and nature, and are not to be taken in the restricted sense of being limited to a common law action strictly, but rather in contradistinction from suits in admiralty, in equity, and proceedings of a criminal nature. The present proceeding is, therefore, a suit at law within the meaning of the removal act. The supreme court, in cases familiar to the bar, has defined the word "suit," and has not placed any narrow construction upon it. A condemnation proceeding in the exercise of the right of eminent domain, where the controversy had assumed the shape of an adversary proceeding in respect to the measure of compensation, and was pending in the state court, was held by the circuit court for Minnesota,—Patterson v. Mississippi & R. R. Boom Co. [Case No. 10,829],—and on error by the supreme court (98 U. S. 403), to be removable from the state to the federal court. The motion to remand is denied. Motion denied.