AMERICAN UNION TELEGRAPH Co. *v.* BELL TELEPHONE Co.

(*Circuit Court, E. D. Missouri.* April 12, 1880.)

MANDAMUS—JURISDICTION OF THE CIRCUIT COURTS.—The jurisdiction of the circuit courts in *mandamus* proceedings is not enlarged by the act of 1875.

Motion for discharge of order to show cause why writ of *mandamus* should not issue.

*Cline, Jamison & Day,* for petitioner.

*Edmund T. Allen,* for respondent.

TREAT, J.   To have the jurisdictional question tested, the order to show cause issued in this case; and now, on the motion to discharge said order, the court is to determine whether, by force of the act of 1875, the powers not theretofore existing as to an original proceeding for *mandamus* have·been granted.   All the decisions prior to that act, it is conceded, denied such jurisdiction in the United States circuit courts; but it is contended that the act of 1875 not only enlarged the jurisdiction as to parties, but also as to the subject-matter and forms or modes of proceeding.   The language invoked is that said courts "shall have original cognizance, etc., of all suits of a civil nature at common law or in equity."

There still remain on the statute book sections 629 and 716, which are substantially a reproduction of sections 11 and 14 of the judiciary act, (1789,) unless their restrictions are repealed by the act of 1875.   The latter enlarged the jurisdiction as to parties, but used the same language as to the nature of the suits which had prevailed since 1789, viz.: "All suits of a civil nature, at common law or in equity," under which the United States supreme court has uniformly held that, taken in connection with section 14 of the original act—now 716 of the Revised Statutes—the power claimed did not exist.   It is held, therefore, that the United States circuit courts have not, under the statutes of 1875, any other jurisdiction in *mandamus* proceedings than theretofore existed. The same reasons that caused congress originally to withhold the authority exist more forcibly to-day, growing out of the large multiplication of offices and corporations.

The motion to discharge the order is granted.

If the parties wish to further test the question a demurrer to the jurisdiction may be interposed and sustained.