ERWIN *v.* WALSH.

*(Circuit Court, D. Connecticut.* May 31, 1886.)

1. REMOVAL OF CAUSE—ORIGINAL JURISDICTION.
    A suit in a state court, which falls within the description of suits removable into the circuit courts, may be removed, although it could not originally have been brought in that court.

2. SAME—JURISDICTION—AMOUNT.
    Although the value in money of a right to appeal from the probate of the decedent's will cannot be appraised with exactness, yet as the right of the plaintiff in the estate, if it is intestate, is far more than $500, and as the value

of that right depends directly upon the power to bring the question of the validity of the will before a court, the pecuniary value of the matter in dispute is sufficient to bring this case within the jurisdiction of this court.

Motion to Remand.

*Frank L. Hungerford,* for motion.

*George G. Sill,* against motion.

SHIPMAN, J. This is a motion to remand to the state court. The suit in the state court was a proceeding by *mandamus* to compel the defendant, a citizen of Connecticut, who is judge of the probate court for the district of Berlin, to allow the plaintiff's appeal to the superior court for the county of Hartford, from a decree of the said probate court approving the last will of C. B. Erwin, deceased. The petition and bond were filed in time, and are in proper form. The plaintiff, a citizen of Nebraska, removed the cause.

The defendant moves to remand because—

*First.* Circuit courts of the United States cannot, under the removal acts, take jurisdiction of appeals to the state courts from probate decrees approving or refusing to admit to probate the wills of deceased persons. This question, which is a difficult one, and which has not been determined by the supreme court, (*Fraser v. Jennison,* 106 U. S. 191; S. C. 1 Sup. Ct. Rep. 171,) it is not now necessary to decide, for it does not arise in this case. The proceeding is for a *mandamus* to compel the allowance of an appeal to the superior court,—*non constat,* that the appeal, if allowed, will ever be attempted to be removed to this court; and the question whether the plaintiff is entitled, under the statutes of the state, to an appeal to the state court is a very different one from that of the validity of a will upon such appeal.

*Second.* Because the circuit courts, by way of original, as distinguished from an ancillary, proceeding, "are not authorized to issue writs of *mandamus* unless they are necessary to the exercise of their respective jurisdictions." *Bath v. Amy,* 13 Wall. 244. This has frequently been said to be true by virtue of the fourteenth section of the judiciary act of 1789, (1 St. at Large, 81, 82,) with respect to the jurisdiction of this court in cases originally brought to it; but this court often has jurisdiction in a removed case which it could not exercise in cases originally brought before it. The court obtains jurisdiction of a case because, under the statutes, it can be and has been removed, and not because it is a case of which the court had original jurisdiction. "A suit in a state court, which falls within the description of suits removable into this court, may be removed, although it could not originally have been brought in this court." *Warner v. Pennsylvania R. Co.,* 13 Blatchf. 231; *Barney v. Globe Bank,* 5 Blatchf. 107; *Sayles v. Northwestern Ins. Co.,* 2 Curtis, 212. Thus, Mr. Justice MILLER held that a proceeding by *mandamus* in the state court, under the statutes of Kansas, to compel the defendant to register the transfers of stock held by the plaintiff, was

a "suit of a civil nature, at law," within the meaning of the act of 1875, and therefore could be removed to the United States court. *Washington Imp. Co.* v. *Kansas Pacific Ry. Co.*, 5 Dill. 489.

*Third.* Because it does not appear that the value of the petitioner's pecuniary interest in the proceeding is more than $500. In *Kurtz* v. *Moffitt*, 6 Sup. Ct. Rep. 148, (October term, 1885,) it was held that writs of *habeas corpus* are not removable from a state court into a circuit court, under the provisions of the act of 1875, because "a jurisdiction conferred by congress upon any court of the United States, of suits at law or in equity, in which the matter in dispute exceeds the sum or value of a certain number of dollars, includes no case in which the right of neither party is capable of being valued in money." In this case the right of the plaintiff, a half-brother of the decedent, in his estate, if the latter died intestate, is easily capable of being valued in money, and is far more than $500. There is no way of appraising with exactness the value in money of a right to appeal from the probate of the decedent's will; but as the value of the plaintiff's right in the estate directly depends upon the capacity to bring the question of the validity of his half-brother's will before the superior court, the pecuniary value of the matter in dispute in this controversy is sufficient to bring the case within the jurisdiction of this court.

Inasmuch as the parties are citizens of different states, and there is nothing in the nature of the suit which excludes or prevents this court from exercising jurisdiction, the motion to remand is denied.