UNITED STATES *ex rel.* SEEGER *v.* PEARSON, Postmaster, etc.

*(Circuit Court, S. D. New York.* June 29, 1887.)

MANDAMUS—JURISDICTION OF CIRCUIT COURT—POST-OFFICE.

A circuit court of the United States has no jurisdiction to issue a writ of *mandamus,* as an original proceeding, to compel a postmaster to enter and transmit through the mails a certain publication as second, and not as third, class matter.

*Mandamus.*

The relator alleges that he is the editor and proprietor of a newspaper periodical called "Medical Classics," and has requested the defendant, who is the postmaster of New York, to enter and transmit through the mails this publication as second-class matter. This request was refused by the defendant, and the publication was charged a higher rate of postage, as third-class matter, because held to be designed as an advertising medium. The relator denies any such purpose. On appeal by the relator to the first assistant postmaster general, this refusal was sustained; and the relator brings this proceeding to compel the defendant, by *mandamus,* to receive and transmit the publication as second-class matter.

*Townsend, Dyett & Einstein,* for relator.

*Stephen A. Walker* and *Abram J. Rose,* for the United States.

BROWN, J. I am constrained, by the weight of authority, to decline to entertain this proceeding by *mandamus.* A long line of decisions of the supreme court has affirmed the broad doctrine that the circuit court has no jurisdiction to issue a writ of *mandamus* as an original proceeding, but only as ancillary to some other proceeding or right of which it has jurisdiction.

Considering that the fourth subdivision of section 629 of the Revised Statutes gives the circuit court express jurisdiction "of all causes arising under the postal laws," (Act March 3, 1845; 5 St. at Large 739,) and that the fourteenth section of the judiciary act (section 716, Rev. St.) authorizes the federal courts to issue such writs whenever "necessary for the exercise of their respective jurisdictions, and agreeable to the uses and principles of law," it might have been inferred, in the absence of authority, that if the relator was entitled to the relief demanded, according to the general usage and practice of the law, and if a writ of *mandamus* was the proper remedy for such relief, the writ might have been issued in the exercise of the proper jurisdiction of the court; inasmuch as the cause is one arising exclusively "under the postal laws." Upon repeated examination of the decisions of the supreme court, however, I cannot find myself authorized to treat this question as an open one. In most of the cases in which the question has arisen, the circuit court had undoubted original jurisdiction of the subject-matter of the proceedings, under some one or other of the express provisions of the statutes, quite as clear as is its authority to determine "all causes arising under the postal laws." Nevertheless, the right to pursue the remedy by means of an original writ of *mandamus* has been uniformly denied. *McIntire* v. *Wood*, 7 Cranch, 504; *McClung* v. *Silliman*, 6 Wheat. 598; *Bath Co.* v. *Amy*, 13 Wall. 244; *Graham* v. *Norton*, 15 Wall. 427; *County of Greene* v. *Daniel*, 102 U. S. 187; *Davenport* v. *County of Dodge*, 105 U. S. 237; *Rosenbaum* v. *Board*, 28 Fed. Rep. 223; *U. S.* v. *Smallwood*, 1 Chi. Leg. N. 321.

Without considering, therefore, in what cases, or to what extent, a review of the decision of the postmaster or of the assistant postmaster general, as respects the determination of a question of fact upon which the rating of postal matter depends, is either reviewable at all, or under a proceeding by *mandamus*, (see *Carrick* v. *Lamar*, 116 U. S. 423, 6 Sup. Ct. Rep. 424,) I must dismiss the application upon the ground first stated.