# CASES

## ARGUED AND DETERMINED

IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

STATE OF INDIANA ex rel. CITY OF MUNCIE v. LAKE ERIE & W. RY. CO.

(Circuit Court, D. Indiana. February 23, 1898.)

No. 9,434.

1. REMOVAL OF CAUSES—JURISDICTION—DELAY TO QUESTION.

After removal, and the argument and overruling in the federal court of a demurrer to the complaint, the plaintiff may still move to remand on the ground that that court has no jurisdiction to hear and determine the cause.

2. SAME—JURISDICTION IN MANDAMUS CASES.

An application by a city for a mandamus to compel a railroad company to reconstruct an overhead street crossing in accordance with a state statute is not a suit of civil nature, either at law or in equity, so as to be removable under the act of March 3, 1887, or of August 13, 1888.

3. MANDAMUS—FEDERAL COURTS.

Mandamus is an original writ, which the circuit courts of the United States have no authority to grant, except as ancillary to a pre-existing jurisdiction.

This was an application for mandamus, on relation of the city of Muncie, against the Lake Erie & Western Railway Company, begun in the circuit court of Delaware county, Ind. The cause having been removed into the circuit court of the United States, the plaintiff moved to remand for want of jurisdiction.

Rollin Warner, for complainant.

W. E. Hackedorn, John B. Cockrum, and Miller & Elam, for defendant.

BAKER, District Judge. This action was begun in the circuit court of Delaware county, Ind., to procure a writ of mandamus to compel the change and reconstruction of an overhead crossing theretofore erected by the defendant over and across a highway now constituting one of the streets of the city of Muncie, which crossing is alleged to be an unlawful and unnecessary obstruction of the traveling public having occasion to use the street. On the application of the defendant the

85 F.—1

cause was removed from the state court into this court. After such removal the defendant filed its demurrer, alleging that the complaint did not state facts sufficient to constitute a cause of action. The sole question raised by the demurrer and argued by counsel was the sufficiency of the complaint, and that was the only question considered by the court. State v. Lake Erie & W. R. Co., 83 Fed. 284. Since the ruling on the demurrer the plaintiff has filed a motion, in writing, asking that the suit be remanded to the state court on the ground that this court has no jurisdiction to hear and determine the cause. The reasons assigned are (1) that this is not a suit of a civil nature, at law or in equity, within the meaning of the acts of congress defining the jurisdiction of the circuit courts of the United States; (2) that it is a proceeding, the sole object of which is to secure the issuance of a writ of mandamus against the defendant as an original writ, and not as ancillary to, or in aid of, any jurisdiction heretofore acquired by this court.

The question involved in this motion has not been considered by the court, and the plaintiff has not lost the right, by delay or otherwise, to insist that the court is without jurisdiction. The objection goes to the subject-matter, and jurisdiction in such cases cannot be conferred, even by consent. It is an inflexible rule that the judicial power of the courts of the United States will not be exerted in a case to which it does not extend, even if both parties desire to have it exerted. Railway Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510. Under the provision of section 5 of the act of March 3, 1875 (18 Stat. 470, 472), that if, in any suit removed from a state court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been removed thereto, that it does not really and substantially involve a controversy or dispute properly within the jurisdiction of said circuit court, it shall proceed no further therein, but shall remand the suit to the court from which it was removed, as justice may require, it has been uniformly held by the supreme court that when it appears that a case is one of which, under that provision, the circuit court should not have taken jurisdiction, it is the duty of the court to reverse any judgment given below, and remand the cause, with costs against the party who wrongfully invoked the jurisdiction of the circuit court. Williams v. Nottawa, 104 U. S. 209; Graves v. Corbin, 132 U. S. 571, 10 Sup. Ct. 196; Walker v. Collins, 167 U. S. 57, 17 Sup. Ct. 738. This rule has been recognized to the extent of taking notice of the want of jurisdiction in the circuit court, although that question has not been raised in that court or in the supreme court. Farmington v. Pillsbury, 114 U. S. 138, 144, 5 Sup. Ct. 807; King Bridge Co. v. Otoe Co., 120 U. S. 225, 226, 7 Sup. Ct. 552; Walker v. Collins, supra.

Mandamus was originally a high prerogative writ, issuing in the king's name from the king's bench only, commanding the performance of some act or duty of legal obligation, the execution of which the court had previously determined to be consonant with right and justice. It was not, like ordinary proceedings at law, a writ of right; and the court had no jurisdiction to grant it in any case except those in which it was the legal judge of the duty required to be performed. It was

not applicable as a private remedy, for the enforcement of simple common-law rights between individuals.    Now it has come to be a writ of right, and in many cases in this and other states it is applicable as a private remedy for the enforcement of a private right.    The present suit, under the statutes of this state, is a suit of a civil nature at law, in which the relator, and not the state, is the real party in interest. Issues of law and fact are to be joined, and like proceedings had for the trial of such issues, as in other cases of a civil nature at law.    Horner's Rev. St. 1897, § 1171; Brower v. O'Brien, 2 Ind. 423; State v. Board of Com'rs, 92 Ind. 133; State v. Burnsville Turnpike Co., 97 Ind. 416.    In the absence of authority to the contrary, I should have been of the opinion that such a suit, where the requisite diversity of citizenship existed, was removable from a state court into a circuit court of the United States, as a civil suit at law for the enforcement of the rights of the city alone.    See Washington Imp. Co. v. Kansas Pac. Ry. Co., 5 Dill. 489, Fed. Cas. No. 17,242; People v. Colorado Cent. R. Co., 42 Fed. 638; People v. Rock Island & P. Ry. Co., 71 Fed. 753.    It is settled, however, too firmly to be open to doubt or debate, that the authority of the circuit courts of the United States to issue writs of mandamus is confined exclusively to those cases in which they may be necessary as ancillary to, or in aid of, a jurisdiction already acquired. They have no authority in any case to issue a writ of mandamus as an original writ.    The construction placed upon the first clause of section 14 of the judiciary act of September 24, 1789, continued in force in section 716, Rev. St. 1878, denies authority to the circuit courts of the United States to issue writs of mandamus, except as ancillary to, or in aid of, a pre-existing jurisdiction; and it has been held that the present acts of congress defining the jurisdiction of those courts have not enlarged their jurisdiction in respect to writs of mandamus.    A proceeding for an original writ of mandamus, commenced in a state court, is not a suit of a civil nature at law or in equity, within the meaning of the act of March 3, 1887, or of the act of August 13, 1888, for the re-enrollment of the former act; and therefore it is not removable, under the provisions of those acts, from a state court into a circuit court of the United States.    McIntire v. Wood, 7 Cranch, 504; Bath Co. v. Amy, 13 Wall. 244; Graham v. Norton, 15 Wall. 427; Heine v. Commissioners, 19 Wall. 655; Greene Co. v. Daniel, 102 U. S. 187; Davenport v. Dodge Co., 105 U. S. 237; Louisiana v. Jumel, 107 U. S. 711, 2 Sup. Ct. 128; Rosenbaum v. Bauer, 120 U. S. 450, 7 Sup. Ct. 633; Id., 28 Fed. 223; Smith v. Bourbon Co., 127 U. S. 105, 112, 8 Sup. Ct. 1043; American Union Tel. Co. v. Bell Tel. Co., 1 Fed. 698; U. S. v. Pearson, 32 Fed. 309; State v. Columbus & X. R. Co., 48 Fed. 626; In re Vintschger, 50 Fed. 459; Gares v. Association, 55 Fed. 209; Fuller v. Aylesworth, 21 C. C. A. 505, 75 Fed. 694, 699; In re Forsyth, 78 Fed. 296.    The court regards the question of jurisdiction foreclosed by the decisions of the supreme court, and, without regard to its own views, it feels constrained to sustain the motion to remand.    The case will be remanded to the state court at the costs of the defendant.