STATE ex rel NORTH CAROLINA CORPORATION COMMISSION and MORGANTON RETAIL MERCHANTS ASSOCIATION v. SOUTHERN RAILWAY COMPANY.

(Filed 15 December, 1909.)

1. Corporation Commission—Appeal—Procedure—Notice.

When notice of appeal to the Superior Court is given to the Corporation Commission by a railroad company, and the other requirements of Revisal, sec. 1074, relating thereto, have been met by the company, it is sufficient without giving notice of the appeal to the complaining party in the proceedings had before the commission, as upon this appeal the statute makes the commission the party plaintiff.

2. Removal of Causes—Federal Court—Petition—Jurisdictional Facts—Matter of Right.

In proceedings for the removal of a cause from the State to the Federal Courts upon the question of diversity of citizenship under the Federal statute, applicable, the State Court is not bound to surrender its jurisdiction until a case has been made which on the face of the petition shows the petitioner has a right to the transfer of the cause to the Federal Courts.

3. Corporation Commission—Legislative Agency—Quasi Judicial.

The Corporation Commission is not a judicial court but a mere administrative agency of the State possessing certain *quasi* judicial and legislative powers.

4. Removal of Causes—Corporation Commission—Legislative Functions—Police Powers—"Suits."

In a matter before the Corporation Commission wherein certain citizens of a town were seeking an enforcement of certain changes of location and conditions of a railroad company's depot therein,

CORPORATION COMMISSION *v.* RAILROAD.

the commission held, "In view of the facts, it is the opinion of the commission that the removal of the depot to the north side of the railroad and enlarging the warehouse space will promote the convenience, security and accommodation of the public." From this order the railroad company appealed under the provisions of the State statute to the State Superior Court, and there, in apt time and due form, filed a petition to remove the cause to the Federal Court on the ground of diverse citizenship, alleging the jurisdictional amount. *Held*, the action of the commission was the regulation by the State through its lawfully constituted agency of a legislative function falling within its police power, and was not a "suit," within the perview of the Federal statute, removable to an inferior Federal tribunal.

5. Removal of Causes — Corporation Commission — State Regulations—Federal Courts—Constitutional Law.

The Federal Courts have no jurisdiction over regulations of a legislative character made by a State through its lawfully authorized agency, in this case, the Corporation Commission, unless the regulations are of such an unreasonable or arbitrary character as to be in effect not a mere regulation, but an infringement of ownership, or in some other way repugnant to the protective clauses of the Fourteenth Amendment of the Federal Constitution.

6. Same—Procedure.

The only remedy that the common carrier has in the Federal Court for relief from a regulation of a State, legislative in its character, alleged to be in contravention of the Fourteenth Amendment to the Federal Constitution, is upon writ of error from the United States Supreme Court after the carrier has exhausted the right of review and appeal open to it under the laws of the State.

7. Removal of Causes — Federal Courts — Allegations of Petition — Jurisdictional Facts.

The allegation in a petition of a carrier filed for the removal of a cause to the Federal Court upon the ground of diversity of citizenship under the Federal statute, that certain changes in its depot ordered by the Corporation Commission will cost it over two thousand dollars, does not *per se* make the regulation an infraction of the Fourteenth Amendment of the Federal Constitution or give inferior Federal tribunals jurisdiction to pass on the propriety of such an order.

8. Removal of Causes—Federal Courts—Jurisdiction—Corporation Commission—Legislative Acts—Federal Constitution—Constitutional Law.

Assuming that the mere fact that an order of the Corporation Commission made to compel the carrier to change the location and conditions of its depot to promote the convenience, security and accommodation of the public would be an invasion of interstate commerce, it does not transform the proceedings in which the order is made into "a suit at law or in equity," and, as such, removable from the Superior Court of the State to an inferior Federal tribunal, upon the ground of diverse citizenship.

9. Corporation Commission — Legislative and Judicial Powers — State Constitution—Removal of Causes.

> The Corporation Commission in ordering a carrier to make certain changes in its depot for the security, etc., of the public under the legislative authority conferred, is not exercising strictly judicial functions, but those which are more legislative in their character; and whether the union of legislative and judicial functions of the Corporation Commission in a single hand is permissible under the State Constitution cannot be determined on an appeal by the carrier from the refusal of the Superior Court to grant its petition to remove the proceedings to the Federal Court.

WALKER, J., dissents.

APPEAL from *Justice, J.,* August Term, 1909, of BURKE.

This proceeding originated before the Corporation Commission, and upon appeal by defendant was duly docketed in the Superior Court.

At said term the plaintiff moved to dismiss the appeal because no notice had been served on B. F. Davis, president of the Merchants Association of Morganton. At the same term the defendant filed a petition and bond for removal to the Circuit Court of the United States. The court declined to allow the petition to remove, and sustained the motion to dismiss the appeal.

The defendant excepted and appealed to the Supreme Court.

*Avery & Avery, E. M. Hairfield* and *Avery & Ervin* for plaintiffs.

*S. J. Ervin* for defendant.

BROWN, J.   1. The motion to dismiss was improperly allowed, as the law required no notice to be served on B. F. Davis, president of the Merchants Association, as he was no party to the proceeding.   It is not claimed that said association is a legal entity; but if it was, it is no party to a proceeding of this kind.

The statute provides that when an appeal is taken from an order of this nature, made by the Corporation Commission, the State shall be the plaintiff, and that the cause shall be docketed, "State of North Carolina on relation of the Corporation Commission v. the appellant."

As it is admitted that the defendant filed exceptions to the order with the Corporation Commission, and, when it received notice of the decision of the commission overruling them, gave the commission notice of appeal in apt time and in due form, the appeal should not have been dismissed.   Nothing else was required by the statute (Revisal, sec. 1074).

2. Although the petition and bond for removal appear to be in all respects regular, and were filed in apt time, we are of opinion that it appears upon the petition itself that this proceeding is not such a suit at law or in equity, within the meaning of the acts of Congress, as can be removed into the Circuit Court of the United States.

When the defect appears upon the face of the petition, it is conceded that the State courts are not ousted of their jurisdiction, for they are not bound to surrender it until a case has been made which on its face shows the petitioner has a right to the transfer of the cause to the Federal Court. *Stone v. State,* 117 U. S., 430; *McCullock v. Railroad,* 149 N. C., 305; *Winslow v. Collins,* 110 N. C., 121.

It is admitted by the defendant that as long as this matter was pending before the commission it was not removable, under the act, inasmuch as that commission is not a judicial court, but a mere administration agency of the State, possessing certain *quasi* judicial and legislative powers. But it is contended that when an appeal was taken from the order of the Corporation Commission, and the record was certified by it to the Superior Court for trial, then the matter was no longer before a mere administrative tribunal, but was pending in a court of justice— a judicial court—and there was an adverse controversy, action, or suit, pending between parties litigant—a plaintiff and a defendant—and this suit, action, or controversy, could be removed into the Circuit Court of the United States on the petition of the defendant, who was a nonresident and a foreign corporation.

We admit this general proposition to be sustained by the Supreme Court of the United States in several cases: *Uphur v. Rich,* 135 U. S., 467; *Boom Co. v. Patterson,* 98 U. S., 403, and others. All these cases, however, relate to matters of condemnation of land, and the like, which constituted the legitimate subject-matter of a suit between parties litigant.

Although the term, "suit of a civil nature," as employed in the act of Congress, is very comprehensive, it is construed to apply only to a proceeding in a court of justice by which a litigant pursues that remedy which the law affords him. *Weston v. Charleston,* 2 Pet. (U. S.), 449. Or, as stated in later cases, it applies to any proceeding in a court of justice in which the plaintiff pursues his remedy to recover a right or claim. *Sewing Machine Cases,* 18 Wallace, 553; *Cohens v. Virginia,* 6 Wheaton, 264.

And it matters not how the proceeding is formally disguised;

if in substance it is "a suit," it will be treated as such for purposes of removal.

But the subject-matter of this proceeding does not, in the light of more recent decisions of the Supreme Court of the United States, constitute a suit, in the broadest acceptation of that word. The petition to remove describes this as "a proceeding to enforce the right of the Morganton Retail Merchants Association to have the North Carolina Corporation Commission order and direct this petitioner to remove its depot from the south side of the present main line of this petitioner to the north side of the present main line of this petitioner, and the matter actually in controversy involves the right of the defendant to have and maintain and use its present depot on the south side of its main line at Morganton, or whether or not it shall be compelled to construct another depot on the north side of its present main line, and the amount in controversy largely exceeds the sum of value of $2,000, exclusive of interest and costs."

The record shows that certain citizens of Morganton, informally organized as the Morganton Retail Merchants Association, filed a petition before the Corporation Commission setting forth their grievances in relation to the handling of freight by defendant at Morganton and alleging that the facilities provided were inadequate, and praying that the commission will cause an adequate freight depot to be constructed by defendant. The commission gave notice to the defendant and proceeded to examine into the complaint, visiting Morganton for the purpose of having a personal inspection and a hearing of the matter. At this hearing the complainants and the defendant were represented by counsel. The commission made full findings of fact, and concluded as follows: "In view of these facts, it is the opinion of the commission that the removal of the depot to the north side of the railroad and enlarging the warehouse space will promote the convenience, security and accommodation of the public. Therefore, be it so ordered." To the findings and order the defendant excepted and appealed.

Whether this order is justified by the facts is a controversy not now before us. That is a matter yet to be determined, when the defendant's appeal is finally heard.

We refer to the findings for the purpose of demonstrating that the order appealed from is not a judgment of a court, but an administrative regulation made by a State agency in the exercise of certain legislative powers which the General Assembly has conferred upon it. It cannot be questioned at this day that railroads, from the public nature of their business and the

interest which the public have in their operation, are subject, as to their State business, to State regulation, which may be exerted directly by the legislative authority or by administrative bodies endowed with power to that end.

While the justness and feasibility of such regulations may be reviewed upon appeal by the State's own tribunals, endowed by legislation with such supervisory power, the Federal Courts have no jurisdiction over them, unless the regulation is of such an unreasonable or arbitrary character as to be in effect not a mere regulation, but an infringement upon the right of ownership, or is in some other way repugnant to the protective clauses of the Fourteenth Amendment to the Federal Constitution. *Stone v. Farmers L. & T. Co.,* 116 U. S., 307; *Railroad v. Minnesota,* 134 U. S., 418; *Railroad v. Corp. Commission,* 206 U. S., 1. And this can only be determined by the Supreme Court of the United States, upon writ of error, after the carrier has exhausted the right of review and appeal open to it under the laws of the State. *Prentis. v. A. C. Line,* 211 U. S., 210. That court has expressly repudiated the idea that the Federal Courts, under the guise of protecting private property, may extend their authority to the subject of State regulation, a matter not within their competency.

It is only when the assertion of the legislative power exceeds regulation and becomes equivalent to taking of property without due process, or amounts to a denial of the equal protection of the laws, that the Federal power will interfere.

This is the principle upon which the regulation relating to a schedule connection with another carrier was upheld by the Supreme Court of the United States, commonly called the *Selma Connection Case (Railroad v. Corp. Commission, supra).* While the judgment of this Court in that proceeding was reviewed and affirmed upon writ of error, it is perfectly manifest from the opinion that the supreme Federal tribunal never for a moment regarded the proceeding in that case as a "suit," within the meaning of the removal acts of Congress.

The fact alleged in the petition for removal, that it will cost the defendant over two thousand dollars to make the changes in its freight station at Morganton directed by the commission, does not *per se* make the regulation an infraction of the Fourteenth Amendment, nor does that allegation give the inferior Federal tribunals any jurisdiction to pass on the propriety of such an order. *Railroad v. Jacobson,* 179 U. S., p. 287; *Worcester v. Railroad,* 58 N. Y., 152; *People v. Railroad,* 70 N. Y., 569; *People v. Railroad,* 104 N. Y., 58.

CORPORATION COMMISSION v. RAILROAD.

Assuming for the moment that the order in question is an invasion of interstate commerce, as is contended, and as such may be declared void by the Supreme Court of the United States, upon review, by writ of error, that does not confer any jurisdiction to pass on it, under the removal acts, upon the lower Federal Courts. The fact that the regulation may be void on that account does not make it any the less a regulation, nor does it transform the proceeding, in which the order is made, into "a suit at law or in equity."

But it is manifest that the regulation does not impinge upon any Federal law. The Federal Supreme Court has repeatedly recognized the right of a State, in the exercise of its police authority, to confer upon an administrative agency the power to make many reasonable regulations concerning the place, manner and time of delivery of merchandise moving in the channels of interstate commerce. *Railroad v. Mays*, 201 U. S., 321; *Wire Co. v. Speed*, 192 U. S., 500; *McNeill v. Railroad*, 202 U. S., 543.

It is difficult to understand how a regulation intended to facilitate the receipt and delivery of freight by enlarging the facilities necessary for that purpose can be a burden upon or interference with interstate commerce.

But the principal contention of the defendant is that when, on appeal, this proceeding was docketed in the Superior Court, admittedly a judicial tribunal of general jurisdiction, it became a "suit at law" and at once removable into the Circuit Court.

In the consideration of this question it is immaterial whether the Corporation Commission is a court or an administrative body, or both. And it is equally immaterial that the power of review is given to a State court of general jurisdiction. The subject-matter of the controversy remains a mere regulation, under the police power of the State, and cannot be the subject of a suit, within the meaning of the removal acts of Congress.

When the State Courts undertake to review the propriety of the regulation in question, they do not exercise strictly judicial functions, but those which are more legislative in their character. *Prentis v. Railroad*, 211 U. S., 225. There is nothing in the Federal Constitution to prohibit this, or which injects into the case any Federal question. Whether this union of legislative and judicial functions in a single hand is permissible under the Constitution of this State cannot be determined upon this appeal.

In the rate-regulation case, above cited, the Supreme Court of the United States says: "But we think it equally plain that the proceedings drawn in question here are legislative in their na-

ture, and none the less so, that they have taken place with a body which at another moment or in its principal or dominant aspect is a court, such as is meant by section 720. A judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts, and under laws supposed already to exist. That is its purpose and end. Legislation, on the other hand, looks to the future and changes existing conditions by making a new rule, to be applied thereafter to all or some part of those subject to its power. The establishment of a rate is the making of a rule for the future, and is therefore an act legislative, not judicial, in kind." Again: "Proceedings legislative in nature are not proceedings in a court, within the meaning of Revised Statutes, sec. 720, no matter what may be the general or dominant character of the body in which they may take place," citing *McNeill v. Railroad, supra.* "The decision upon them cannot be *res adjudicata.*" . . . "All that we have said would be equally true if an appeal had been taken to the Supreme Court of Appeals and it had confirmed the rate. Its action in doing so would not have been judicial, although the questions debated by it might have been the same that might come before it as a court, and would have been discussed and passed upon by it in the same way that it would deal with them if they arose afterwards in a case properly so called."

To the same effect is the learned opinion of *Mr. Justice Bradley* in the prior case of *Upshur Co. v. Rect,* 135 U. S., p. 473. *Railroad v. Board,* 28 W. Va., 264.

That this proceeding is not a "suit at law" is further manifest from the fact that obedience to the order cannot be enforced by resort to the ordinary final process of courts of general jurisdiction. The State Court can compel performance only by resort to the high prerogative writ of *mandamus,* and that by authority of a special statute. Revisal, sec. 1080. But the Circuit Court of the United States have been denied the authority to issue writs of *mandamus,* except as ancillary to or in aid of a preexisting jurisdiction, and it has been held that the acts of Congress subsequent to the Judiciary Act have not enlarged their jurisdiction in this respect. Therefore it has been repeatedly decided that a proceeding for an original writ of *mandamus* pending in a State Court is not a suit of a civil nature, at law or in equity, within the meaning of the removal acts. *McIntyre v. Wood,* 7 Cranch, 504; *Davenport v. Dodge,* 105 U. S., 237; *Indiana v. Railroad,* 85 Fed., 1, and cases therein cited.

For the reasons given, we are of opinion that this proceeding is not removable into the Circuit Court of the United States, but

that the order dismissing the appeal of defendant was improperly made.

Reversed.

WALKER, J., dissents.