Mr. Justice STRONG
 

 delivered the opinion of the court.
 

 It must be considered as settled that the Circuit Courts of the United States are not authorized to issue writs of mandamus, unless they are necessary to the exercise of their respective jurisdictions. Those courts are creatures of stat
 
 *248
 
 ote, and they have only so much of the judicial power of the United States as the acts of Congress have conferred upon them. The Judiciary Act of 1789, which established them, by its 11th section, enacted that they shall have original cognizance, concurrently with the courts of the several States, of “ all suits of a civil nature at common law, or in equity,” between a citizen of the State in which the suit is brought and a citizen of another State, or where an alien is a party. While it may be admitted that, in some senses, the writ of mandamus may properly be denominated a suit at law, it is still material to inquire whether it was intended to be embraced in the gift of power to hear and determine all suits at common law, of a civil nature, conferred by the Judiciary Act. At the time when the act was passed it was a high prerogative writ, issuing in the king’s name only from the Court of King’s Bench, requiring the performance of some act or duty, the execution of which the court had previously determined to be consonant with right and justice. It was not, like ordinary proceedings at law, a writ of right, and the court had no jurisdiction to grant it in any case except those in wdiich it was the legal judge of the duty required to be performed. Nor was it applicable, as a private remedy, to enforce simple common-law rights between individuals. Were there nothing more, then, in the Judiciary Act than the grant of general authority to take cognizance of all suits of a civil nature at common law, it might well be doubted whether it was intended to confer the extraordinary powers residing in the British Court of King’s Bench to award prérogative writs. All doubts upon this subject, however, are set at rest by the 14th section of the same act, which enacted that Circuit Courts shall have “ power to issue writs of
 
 scire facias, habeas corpus,
 
 and all other writs not specially provided for by statute, which may be necessary to the exercise of their respective jurisdictions and agreeable to the principles and usages of law.” Among those other writs, no doubt, mandamus is included; and this special provision indicates that the power to graut such writs generally was not understood to be granted by the 11th section, which con
 
 *249
 
 ferred, only to a limited extent, upon the Circuit Courts the judicial power existing in the government under the Constitution. Power to issue such writs is granted by the 14th section, but with the restriction that they shall be necessary to the exercise of the jurisdiction given. Why make this grant if it had been previously made in the 11th section? The limitation only was needed.
 

 This subject has heretofore been under consideration in this court, and in
 
 McIntire
 
 v.
 
 Wood,
 

 *
 

 it was unanimously decided that the power of the Circuit Courts to issue the writ of mandamus is confined exclusively to those cases in which it may be necessary to the exercise of their jurisdiction. The court said : “Had the 11th section of the Judiciary Act covered the whole ground of the Constitution, there would be much reason for exercising this power in many cases wherein some ministerial act is necessary to the completion of an individual right arising under laws of the United States, and the 14th section of the act would sanction the issuing of the writ for such a purpose. But, although the judicial power of the United States extends to cases arising under the laws of the United States, the legislature have not thought proper to delegate the exercise of that power to its Circuit Courts, except in certain specified cases.” And in
 
 McClung
 
 v.
 
 Silliman,
 

 †
 

 this court said, when speaking of the power to issue writs of mandamus: “The 1.4th section of the act under consideration (the Judiciary Act) could only have been intended to vest the power ... in cases where the jurisdiction already exists, and not where it is to be courted or acquired by means of the writ proposed to be sued out.” In other words, the writ cannot be used to confer a jurisdiction which the Circuit Court would not have without it. It is authorized only when ancillary to a jurisdiction already acquired. The doctrine asserted in both these cases was conceded to be correct by both the majority and the minority of the court in
 
 Kendall
 
 v.
 
 The United States.
 

 ‡
 

 
 *250
 
 The power to issue a writ of mandamus as an origina! and independent proceeding does not, then, belong to the Circuit Courts.
 

 It has been argued, on behalf of the defendant in error, that the writ of mandamus is a civil action in Kentucky; that the proceedings therein were regulated by an act of the legislature of that State, approved January 8th, 1813, still in force, which directed how a traverse to the return shall be tried in the State courts, and what judgment may be pronounced, and that the act of Congress of May 19th, 1828, directed that the proceedings in suits at common law in States admitted to the Union since 1789, of which Kentucky is one, shall be the same in the Federal courts as those used, when the act was passed, in the highest courts of.original and general jurisdiction in those States. Hence it is inferred that the law of Kentucky respecting mandamus has been adopted as a part of the rule of practice of the United States Circuit Court for that State. The argument rests on a misapprehension of the meaning of the act of 1828. It was a process act, designed only to regulate proceedings in the Federal courts after they had obtained jurisdiction; not to enlarge their jurisdiction. The purpose was to make the forms of process and forms and modes of proceeding in those courts correspond with the forms and modes in use in the State courts. The words of the act are, “ that the forms of mesne process, except the style, and the forms and modes of proceeding in suits in the courts of the United States held in those States admitted into the Union since the 29th day of September, in the year 1789, in those of common law, shall be the same, in each of the said States respectively, as are now used in the highest court of original and general jurisdiction of the same.” It is quite too much to infer from this ail enlargement of jurisdiction, or an adoption of all the powers which the State courts then had. There is, then, no act of Congress which has conferred upon Circuit Courts authority to issue the writ of mandamus as an original proceeding, or at all, except when necessary for the exercise of the jurisdiction conferred upon them by law.
 

 
 *251
 
 Applying this rule to the present ease it is decisive. The relator’s claim for payment had not been brought to judgment in the Circuit Court, nor had it been put in suit. His application for a mandamus was, therefore, an original proceeding, neither necessary nor ancillary to any jurisdiction which the court then had. For this reason it should have been denied, and the judgment that a peremptory mandamus should issue was erroneous.
 

 Judgment reversed, and the cause remanded with instructions to
 

 Dismiss the petition for a mandamus.
 

 *
 

 7 Cranch, 504.
 

 †
 

 6 Wheaton, 601.
 

 ‡
 

 12 Peters, 584; see also The Secretary
 
 v.
 
 McGarrahan, 9 Wallace, 311.