(Hamilton County Court of Common Pleas.)

CHRISTINA THALE ET AL. v. THE CITY OF CINCINNATI ET AL.

1. Where the terms fo the annexation of a village to the city stipulated that all "grades of streets heretofore established within and by the proper authorities of said village shall be respected, but the same shall be altered with the consent of the property owners, or on a payment of damages that may be agreed upon or ascertained by law," held, the only effect of such annexation agreement (and ordinance therefor under the law governing such proceedings) was to put the street grades established by such village authority before the annexation upon the same legal basis as street grades established by city authority, and subject to change in like manner, so that the abutting lot-owners have the same right as, and no more than if such village territory had been within the original city limits, and its street grade had been established by the city authorities.

2. Neither the village or city authorities, before annexation, were empowered to agree with the lot-owners of any street not to change the grade of any street, nor to absolve their property from liability of assessment for street improvements in the future, nor have they any greater power in this respect conjointly during or after annexation.

3. The damages to the improvements on the abutting lots, and the additional costs of street construction caused by change of grade, may be assessed by the foot front upon such lots in common with other lots on this street.

4. That such assessment is not in violation of sec. 19 Bill of Rights of Ohio Constitution, or the Fourteenth amendment to the Constitution of the U. S.

(Decided June, 1895.)

BUCHWALTER, J.

This was an action brought to enjoin the collection of an assessment for the improvement and change of grade of Vine street, between Corry and Molitor streets, Cincinnati.

The territory, in which the street assessment is sought to be enjoined, was part of the special road district of Walnut Hills, Mount Auburn and Clintonville.

The grade of Vine street (then called Washington street) had prior to March 5, 1870, been established, curbs set and the street improved with macadam, for which an assessment was levied and paid, and both sides of the street improved by the property-owners to the grade so established.

By an ordinance passed March 5, 1870, this district was annexed to the City of Cincinnati (Coppock & Hertenstein, page 19).

Article 7 of the terms of annexation incorpoarted in the ordinance provided, "that all grades of streets heretofore established within and by the proper authority of said village shall be respected, but the same may be altered with the consent of the property holders, or on payment of damages that may be agreed upon or ascertained by law."

The improvement was made under the granite pavement acts (Secs. 2293a R. S., et seq.) conferring upon the Board of Public Works of Cincinnati, the power to do the work. By the provisions of these sections the Board of Public Works was invested with full and final authority to make such changes of grade as might be necessary to best conform the same to the contemplated improvements.

Provision was made for the filing of claims for damages, as provided in Section 2315 R. S., and in all other respects the same form of procedure was provided for as in other cases, under the statute.

I have examined the propositions submitted by counsel, and the authorities in support of the same on this subject, and am firmly convinced that the true construction of this ordinance of annexation is nothing more than this. It protects the property owners and puts them upon terms of equality with lot owners within the original city territory, and puts the grades of the village streets upon the same legal basis as those established by city authority.

This conclusion is supported by the case of Corry v. The City, Superior Court of Cincinnati, 22 Bull., 1894, Judge Peck.

It is true in that case the action was on the part of the lot owner to prevent the city from changing the grade; but the conclusion of the court is founded on a like construction of the ordinance. The court was of opinion, as announced by Marshall, Ch. J., in Goszler v. Georgetown, 6 Wheaton, 593, that it was not within the corporate power of a municipality to agree that it would not in the future change the established grade of a street.

Neither were the village or city authorities empowered to agree with the lot owners of any street not to change the grade of any street, nor to absolve their property from a liability of assessment for street improvements in the future, nor have they by any course of reasoning any greater power in this respect conjointly during the proceeding of annexation, or thereafter; and if the construction of section 7 of such annexation ordinance were given as claimed by counsel for the lot owners, or if the terms thereof specifically provided to absolve the lot owner from such assessment, such provision would be ultra vires.

There is nothing in the statutes providing for the annexation of the territory of a village to a city, giving the authorities in annexation power to make such an agreement. On the contrary it is provided that "the inhabitants of all such territory shall have equal rights and privileges."

It is claimed the terms of annexation are in the nature of a contract which has been partly performed by both the city and village, and that the city should be estopped from assessing damages caused by the change of grade; but if the commisioners and others vested with annexation authority incorporated conditions which they had no power to impose, then the terms and conditions which they might lawfully make would stand, and those they had no right or power to impose would be void, without impairing the act of annexation. See. S. & C., p. 1498 (Sec. 16), R. S. 1613, 1614.

Whatever may be said of the justice of such assessment by the municipal authorities, the law seems to be well established as to their power to do so.

Wick v. Cleveland, 18th Ohio St., 303; Carthage v. Caldwell, 49th Ohio St., 334.

The damage caused by the change of grade is the measure of the property rights taken by the City for the betterment of that public way. Had the City widened the street and taken a part of the lots of these plaintiffs, then it would have appropriated and more fully have taken the lot owners rights in that part; and it must follow that if the condemnation or damage money in such latter case can, on the theory of benefits to the property, be assessed back on the abutting property by the foot front, then equally so may damages for change of grade be so assessd.

I can find no authority or reason to warrant my following Freeman v. Hunter et al., 7 C. C., 117, while Wick v. Cleveland stands as a permissive rule of assessment. Such rule of assessment not being in violation of sec. 19, of Bill of Rights of the Constitution of Ohio. Nor does the Fourteenth Amendment to the Constitution of the U. S. call for a modification of the doctrine in the latter case. See Adler v. Whitbeck, 44 Ohio St. 568; Village of Westwood v. Dater, Meier et al., 23 Bull., 291.

I am of opinion that the assessment for the one-half of the damages, the costs of ascertaining the same, and the one-half of the cost of the excavation as caused by reason of the change of grade, is authorized by law, and is valid.

.·.  The surface of the street being out of repair, no controversy has been made as to so much of the assessment as pertains to the granite paving or the curb and gutter settings.

: The decree will be entered accordingly.

*S. N. Maxwell* and *Creed & Creed*, for plaintiff.

*Hertenstein & Whittaker, Corporation Counsel*, for City.