KELLY v. GRAND CIRCLE, WOMEN OF WOODCRAFT.

(Circuit Court, D. Washington, E. D.   May 2, 1904.)

No. 1,131.

1. FEDERAL COURTS—REMOVAL OF CAUSE—SPECIAL PROCEEDINGS—MANDAMUS.
    A proceeding for mandamus under 2 Ballinger's Ann. Codes & St. § 5765,
    authorizing such proceedings to be commenced by the filing of a motion
    supported by affidavits, and authorizing the assessment of damages and
    costs when a judgment is given in favor of the applicant, together with
    the issuance of a peremptory writ, is a special proceeding, and not a suit
    "of a civil nature at common law or in equity," and, not being ancillary
    to any other case of which the federal court had acquired jurisdiction,
    was not removable to such court.

Special proceeding, by motion and affidavit for a writ of mandamus to compel the respondent, a fraternal society, to restore the applicant to membership in the society, and to her alleged rights as holder of a certificate of life insurance, and to pay damages for her wrongful expulsion. Heard on a motion to remand the case to the state court in which it was commenced. Motion granted.

S. S. Bassett, for applicant.
Denton M. Crow and A. D. Stillman, for respondent.

HANFORD, District Judge. This case was commenced in the superior court of the state of Washington for Spokane county by filing a motion, supported by an affidavit, for a writ of mandate, to redress alleged wrongs by compelling the respondent, which is a fraternal society, to restore the relator to her rights as a member of the society and holder of a certificate of life insurance, and to pay her $11,000 as compensation for injuries alleged to have been suffered in consequence of an illegal and unjustifiable attempt to exclude her from the society, and forfeit her rights as holder of said certificate. The procedure by which the case was initiated is the procedure provided by the Code of Washington for mandamus cases, and the relief prayed for, including the recovery of damages, is sought through and by means of a writ of mandate. The respondent caused the case to be removed from the state court in which it was commenced into this court, and now resists a motion to remand on the ground that there is included in the case an action to recover damages.

The case is not an action for damages in any form of action known to the common law, and it lacks the requisites as to pleadings and jurisdictional process prescribed by the Code for the commencement of a civil action. Provision is made in the chapter of the Code relating to mandamus proceedings for assessing damages and costs when a judgment is given in favor of the applicant, and in such cases a peremptory writ must issue without delay. 2 Ballinger's Ann. Codes & St. § 5765; Pierce's Code, § 1419. Under this statute the right to recover damages is made dependent upon a right to have a peremptory writ of mandamus; hence a case commenced as a special proceeding cannot be converted into an ordinary civil action to recover

¶ 1. See Removal of Causes, vol. 42, Cent. Dig. § 16.

damages by repleading, and severance of the demand for damages from the application for a writ of mandamus. The case is not ancillary to any other case of which this court has acquired jurisdiction, but is an original independent case, not cognizable in this court, because it is not a suit of a civil nature at common law or in equity, and a writ of mandamus is not necessary to the exercise of the jurisdiction of this court. 18 Encyc. Pl. & Pr. 171; Bath County v. Amy, 13 Wall. 244–251, 20 L. Ed. 539; In re Vintschger (C. C.) 50 Fed. 459; Gares v. Building Association (C. C.) 55 Fed. 209; Indiana ex rel. City of Muncie v. Railway Company (C. C.) 85 Fed. 1; Hair v. Burnell (C. C.) 106 Fed. 280.

Motion to remand granted