MYSTIC MILLING CO. v. CHICAGO, M. & ST. P. RY. CO. et al. SAME v. ILLINOIS CENT. RY. CO. et al. SAME v. CHICAGO, ST. P., M. & O. RY CO. et al. SAME v. CHICAGO & N. W. RY. CO. et al.

(Circuit Court, N. D. Iowa, W. D. September. 27, 1904.)

Nos. 381, 385–387.

1. JURISDICTION OF FEDERAL COURTS—ACTION FOR WRIT OF MANDAMUS.
    A Circuit Court of the United States is without jurisdiction, either original or by removal from a state court, of an action for a writ of mandamus which is not necessary for the exercise by it of a jurisdiction which it has otherwise previously acquired.

2. REMOVAL OF CAUSES—ACTION REMOVABLE—MANDAMUS UNDER IOWA STATUTE.
    The fact that the Iowa statute (Code 1897, §§ 4341–4349) authorizes the recovery of damages in an action of mandamus does not change the nature of the action, which is primarily one to enforce some duty resting by law on the defendant by means of an order or writ of mandamus compelling the defendant to perform such duty, and, since a federal court has no jurisdiction of such an action, which is not a civil action at law, within the meaning of the judiciary act, it is not removable.

3. SAME—MOTION TO REMAND—MATTERS CONSIDERED.
    Where a federal court, on looking into plaintiff's petition in a suit removed from a state court, finds that the cause of action which is attempted to be stated is one of which it has no jurisdiction, it has no power to go further and determine whether such cause of action is sufficiently stated, but must remand the cause to a court having jurisdiction of the subject-matter.

On Motions to Remand to State Court.

These actions were commenced in the district court of Woodbury county, Iowa, and respectively removed to this court by the defendants, and the plaintiff moves to remand them to the state court. The petition filed in the state court in No. 381 against the Chicago, Milwaukee & St. Paul Railway et al.

---

¶ 3. See Removal of Causes, vol. 42, Cent. Dig. §§ 218, 227.

132 F.—19

alleges, in substance: That the defendant Chicago, Milwaukee & St. Paul Railway Company is a corporation organized under the laws of the state of Wisconsin as a railway corporation, and owns and operates a line of railway in said state and other states, including the state of Iowa, and to the city of Sioux City therein, and is a common carrier of passengers and property over its said lines of railroad. That the defendant Western Car Association is a corporation or association composed of different railroad companies, including the defendant railway company, running into said city of Sioux City, having its place of business in said city; and the defendant A. C. Jones is the general manager of said association, and controls and directs the handling of the freight and cars by the railroads belonging to said association. That said city of Sioux City is a terminal point of said defendant railway company, where it has constructed and uses side tracks and switches in and about the transaction of its freight and other business as a common carrier of property and passengers to, from, and in said city. That plaintiff is a corporation duly organized under the laws of Iowa, with its principal place of business at said city of Sioux City, and is there engaged generally in the business of buying and manufacturing into flour, feed, and other products, large quantities of wheat, oats, corn, and other like cereals, and shipping said grain in large quantities to its mills in said city (which it owns or controls and operates in such business), and its manufactured product in large quantities from said mills for export to various places in the United States, Canada, and to foreign countries over the defendant's line of railroad and those of other railroads running into said city of Sioux City. The aggregate of its shipments to and from its mills amounts to more than 4,500 car loads annually, a large part of which has been over defendant's line of railroad for a number of years. That since about December 7, 1903, the said defendant railway company, at the instance of defendant A. C. Jones, as manager of the defendant Western Car Association, has refused to perform its duties as a common carrier of property, and has refused to deliver to plaintiff at its city mill and to receive from it its manufactured product for shipment from said mill, because of the refusal of plaintiff to pay to said Jones a sum of money demanded by him, and which he claims is owing him by plaintiff for switching cars, but which plaintiff denies that it owes. That by reason of the defendant railway's refusal to so perform its duty as a common carrier of property the plaintiff is unable to operate its said mills to their full capacity, and it has suffered and will continue to suffer great damage by reason of the failure of the defendant to perform its said duty as a common carrier of property, and it has been damaged thereby in the sum of $30,000. That plaintiff has demanded of defendants in writing that defendant railway company perform its said duty as a common carrier of property, which it neglects and refuses to do. Wherefore plaintiff prays for a peremptory writ of mandamus to issue against said defendants, and each of them, commanding them forthwith to switch and place upon the track of the Mystic Milling Company at its said city mill all loaded cars consigned to plaintiff, including all cars upon the tracks of said defendant railway company at Sioux City, Iowa, and that they place said cars at the proper places on said tracks for unloading the same, and that they switch and remove from said mill track all empty cars now upon said track, and commanding them to continue the switching of cars as aforesaid to and from said track in the future as the same may be consigned to and from the said plaintiff; and plaintiff further asks that it have judgment against the defendants and each of them for the sum of $30,000 damages, and for costs of this action. The defendants in due time removed said cause to this court upon the ground of the diverse citizenship of the parties. The record has been filed in this court, and the plaintiff moves to remand said cause to the state court upon the grounds (1) that this court has no jurisdiction of the subject-matter of the action; (2) that the action is not of a civil nature within the meaning of the removal act of 1887–1888 (Act March 3, 1887, c. 373, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]).

The plaintiff's petition in each of the other actions against the defendants therein, and defendants' petition for removal of the same to this court, and the motions to remand, are substantially the same as in the case of the Chicago, Milwaukee & St. Paul Railway Company et al., except as to the amount

of property received and shipped over the line of said respective defendant railway companies and the amount of damage sustained by plaintiff, which is alleged to be $20,000 in each case.

W. E. Gantt, for plaintiff.

J. C. Cook and Shull & Farnsworth, for defendant Chicago, M. & St. P. Ry. Co.

Bevington & Foley, for defendant A. C. Jones.

W. S. Kenyon, for defendant Illinois Cent. Ry. Co.

Wright & Call, for defendant Chicago, St. P., M. & O. Ry. Co.

J. C. Davis and Bevington & Foley, for defendant Chicago & N. W. Ry. Co.

REED, District Judge (after stating the facts as above). Do the facts alleged in the petition of plaintiff show a cause of action within the jurisdiction of this court? The substance of the petitions, so far as material to the questions presented by the motions to remand, is stated in the foregoing statement. The contention of plaintiff is that the several actions are for judgments under the Iowa statute against the defendant railway companies, commanding them to perform their duties as common carriers of property, which it is alleged they have failed to do, and for the writ of mandamus to compel them to perform such duties; that, as an incident to such judgments, it also recover the damages sustained by it as authorized by said statute; and that such an action is not a suit of a civil nature, at law or in equity, within the meaning of the acts of Congress, of which the Circuit Courts of the United States have jurisdiction, either original or by removal from a state court. The defendant railway companies contend that the actions are primarily for the recovery of damages against them for their alleged failure to switch cars and freight to and from plaintiff's mills in Sioux City, and for a writ of mandamus as auxiliary relief in aid of such judgments for damages; that, as an action for damages is an ordinary action at law of a civil nature, they are within the jurisdiction of this court, the requisite diversity of citizenship and amount involved being shown. Originally, the writ of mandamus was a prerogative of the English crown, and issued in its name from the Court of King's Bench, requiring the performance of some specified duty which that court had previously determined, or at least supposed, to be consonant to right and justice. 3 Black. Com. 110. In modern times it issues as a judicial process in an action (often between private parties) in which a court of competent jurisdiction has previously adjudged or commanded the performance by the defendant therein of some specified duty, which, under the law, he should perform, and is the means by which such judgment or command is enforced. Kentucky v. Dennison, 24 How. 66-97, 16 L. Ed. 717. It is settled by the repeated decisions of the Supreme Court of the United States that the action for the writ of mandamus is not a suit of a civil nature at law or in equity, within the meaning of the acts of Congress creating the Circuit Courts of the United States and defining their jurisdiction; that such courts have no jurisdiction of such a suit, except it be in aid of a jurisdiction previously acquired; and that they cannot take jurisdiction of such suits by removal from the state courts under the removal acts. Bath County **v.**

Amy, 13 Wall. 244, 20 L. Ed. 539; Smith v. Bourbon Co., 127 U. S. 105, 8 Sup. Ct. 1043, 32 L. Ed. 73; McClung v. Silliman, 6 Wheat. 601, 5 L. Ed. 340; Rosenbaum v. Bauer, 120 U. S. 450, 7 Sup. Ct. 633, 30 L. Ed. 743.

In Bath County v. Amy, above, Mr. Justice Strong says:

"It must be conceded that the Circuit Courts of the United States are not authorized to issue writs of mandamus unless they are necessary to the exercise of their respective jurisdictions. These courts are creatures of the statute, and they have only so much of the judicial power of the United States as the acts of Congress have conferred upon them. * * * While it may be admitted that in some sense the [action for the] writ of mandamus may properly be denominated a suit at law, it is still material to inquire whether it was intended to be embraced in the gift of power to hear all suits at law of a civil nature conferred by the judiciary act."

After reviewing the prior decisions of the court, and referring to what is now section 716 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 580], he continues:

"In McClung v. Silliman, 6 Wheat. 601 [5 L. Ed. 340], this court said, when speaking of the power to issue writs of mandamus: 'The fourteenth section of the judiciary act (Rev. St. U. S. § 716 [U. S. Comp. St. 1901, p. 580]) could only have been intended to vest the power in cases where the jurisdiction already exists, and not where it is to be courted or acquired by means of the writ proposed to be sued out.' In other words, the writ cannot be used to confer a jurisdiction which the court would not have without it. It is authorized only when auxiliary to a jurisdiction already acquired. * * * The power to issue a writ of mandamus as an original and independent proceeding does not, then, belong to the Circuit Courts."

It is also held that the act of the Legislature of the state of Kentucky which denominates the action for the writ of mandamus as a civil action and regulates the proceedings therein does not, in connection with the act of Congress conforming the practice and modes of proceeding in actions at law in the federal courts to those in like causes in the courts of record in the state in which such courts are held, enlarge the jurisdiction of the Circuit Court so as to include an original or independent action for the writ of mandamus.

In Rosenbaum v. Bauer, 120 U. S. 450, 7 Sup. Ct. 633, 30 L. Ed. 743, it is held that the Circuit Courts cannot take jurisdiction of such a suit upon removal of the same from a state court under the removal acts.

These authorities are conclusive that this court has not jurisdiction, either original or by removal from a state court, of an action for a writ of mandamus, which is not necessary for the exercise by it of a jurisdiction which it has otherwise previously acquired. See, also, Indiana ex rel. City of Muncie v. Ry. Co. (C. C.) 85 Fed. 1; Gares v. Building Association (C. C.) 55 Fed. 209; Kelly v. Grand Circle, etc. (C. C.) 129 Fed. 830.

What, then, is the nature of the cause of action alleged or attempted to be alleged by plaintiff in its several petitions against these defendants? In Iowa the action for mandamus is defined and the proceeding therein regulated by chapter 11, tit. 21, of the Code of 1897 of that state. The sections of such Code material to be considered are:

"Sec. 4341. The action of mandamus is brought to obtain an order commanding an inferior tribunal, board, corporation or person, to do or not to do, an

act, the performance or omission of which the law enjoins as a duty resulting from office, trust or station. * * *"

"Sec. 4343. The plaintiff in any action, except those brought for the recovery of specific real or personal property, may also, as an auxiliary relief, have an order of mandamus to compel the performance of a duty established in such action. But, if such duty, the performance of which is sought to be compelled, is not one resulting from an office, trust, or station, it must be one for the breach of which a legal right to damages is already complete at the commencement of the action, and must also be a duty of which a court of equity would enforce the performance."

"Sec. 4346. The plaintiff in such action shall state his claim, and shall also state facts sufficient to constitute a cause for such claim, and shall also set forth that the plaintiff, if a private individual, is personally interested therein, and that he sustains and may sustain damage by the non-performance of such duty, and that performance thereof has been demanded by him, and refused or neglected, and shall pray an order of mandamus commanding the defendant to fulfill such duty."

"Sec. 4349. When the plaintiff recovers judgment the court may include therein, a peremptory order of mandamus directed to the defendant commanding him forthwith to perform the duty to be enforced, together with a money judgment, for damages and costs, upon which an ordinary execution may issue."

Other sections provide that the pleadings and proceedings shall be the same, as near as may be, as in ordinary actions for damages, and that there shall be no joinder of causes of action except as specified in this chapter.

Counsel for defendants urge with much persistency that plaintiff's actions are primarily for the recovery of damages, and that under section 4349 a judgment for such damages is essential to warrant a judgment of mandamus. If they are correct as to the purpose of the actions, there is no occasion to rest their contention upon section 4349, for there would be an adequate remedy in the ordinary course of the law to recover the damages, and this would defeat the action of mandamus. Section 4344. And the writ of mandamus is never allowed for the recovery of damages. Essentials of the action of mandamus under the Code are: (1) A duty enjoined by law upon the defendant, in the performance of which the plaintiff, if a private individual, has a personal interest; (2) a breach or nonperformance by the defendant of such duty; (3) a legal right in the plaintiff to damages because of such nonperformance; (4) absence of any other adequate remedy in the ordinary course of the law. The right to damages, then, is essential to enable the plaintiff to maintain the action. The reason is apparent, for, if he has suffered no damage, or will not suffer any, he can have no interest (as a private individual) in the performance of the duty. State ex rel. v. County Judge, 2 Iowa, 280. The right to damages and a judgment therefor are not the same. The latter may be waived, but the former is essential to the existence of the cause of action, and its maintenance by the plaintiff; and, if such right does not exist, he cannot have judgment for the order (writ) of mandamus. Then section 4349, "When plaintiff recovers judgment." For what? Plainly establishing the duty to be performed, for, if defendant owes no duty, there is none to be performed, and there could be no breach of any by him, or resulting damage to the plaintiff. The court then, on entering judgment establishing such duty, may include therein a peremptory order (writ) of mandamus, directed to the defendant, commanding him

forthwith to perform the duty to be enforced (this being the means of enforcing such a judgment), together with a money judgment for damages and costs, upon which an ordinary execution may issue. The plaintiff's right to recover damages, then, plainly depends upon the recovery of judgment establishing the duty to be performed by defendant, and that there has been a breach thereof, for this is a prerequisite to his right to such damages. The conclusion is unavoidable that the action authorized by this chapter is primarily to enforce some duty resting by law upon the defendant, and for an order (writt) of mandamus compelling the defendant to perform such duty, and that the recovery of damages is but an incident of such action, which, if claimed, may be included in the judgment establishing the duty. The fact that the Iowa statute authorizes the recovery of damages in the action of mandamus does not change the nature of such action, and, as the Circuit Courts of the United States have no jurisdiction of such an action, except in aid of a jurisdiction previously acquired, such jurisdiction is not enlarged by the statute of the state which authorizes the recovery of damages to be included in the judgment of mandamus in the state courts, as the jurisdiction of the United States courts depends exclusively upon the laws of Congress.

It is next urged that the petitions state no facts showing that the defendants owe to plaintiff any duty whatever, as common carriers of property, to ship cars to and from its mills in Sioux City, and therefore the plaintiff is not entitled to a judgment for mandamus, but only for damages. Undoubtedly this court may look into the petitions far enough to ascertain the purpose of the action in order to determine whether or not it is one within its jurisdiction. If, upon so looking into them, enough appears to show that the cause of action alleged or attempted to be alleged therein is not within the jurisdiction of this court, then it is without power to determine any question in regard thereto save its own jurisdiction of the subject-matter of the actions. The allegations of these petitions and the prayers thereof plainly show an attempt to state a cause of action against the defendant railway companies under the Iowa statute for an order of mandamus to compel them to perform their common-law or statutory duty as common carriers of property in that state. The plaintiff is entitled to the judgment of a court having jurisdiction of the subject-matter of such action upon all questions arising therein. This court is without such jurisdiction.

It follows that the motions to remand must be sustained in each case, without reference to the questions raised and discussed as to the joining of the Western Car Association as a party defendant in the actions.

It is ordered accordingly.