### BURNHAM v. FIELDS, County Clerk.

(Circuit Court, D. Oregon. November 11, 1907.)

No. 3,210.

COURTS—JURISDICTION OF FEDERAL COURTS—PROCEEDING FOR MANDAMUS.

A circuit court of the United States has power, under Rev. St. § 716 [U. S. Comp. St. 1901, p. 580], to issue a writ of mandamus only when ancillary to a jurisdiction already acquired, and is without jurisdiction of a proceeding for such a writ as an original remedy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 803.

Supplementary and ancillary proceedings and relief, see note to Toledo, St. L. & K. C. R. Co. v. Continental Trust Co., 36 C. C. A. 195.]

Coovert and Stapleton, for plaintiff.
G. C. Moser and H. B. Adams, for defendant.

WOLVERTON, District Judge. This is a proceeding by mandamus to require the defendant, who is the duly elected and qualified clerk of Multnomah county, Or., to keep open his office for the receipt, filing, and recording of deeds, mortgages, and instruments of similar character during legal holidays appointed by the Governor of the state, other than those designated as such by law, and to file and record a deed which was acknowledged before a notary public upon such a day.

But two questions were presented at the argument, namely, whether the clerk should keep open his office upon holidays so appointed, and whether he is required to file and record a deed acknowledged as above specified. However, I have been led to a consideration of the question whether the Circuit Court of the United States possesses the requisite jurisdiction to entertain a proceeding by a mandamus instituted purely as an original remedy. The federal adjudications are all of the same trend, to the effect that the court is without such jurisdiction. Whatever jurisdiction it has to entertain the proceeding by mandamus at all is referable to section 716 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 580], being the fourteenth section of the judiciary act of Congress, and to the act of March 3, 1875, c. 137, 18 Stat. 470 [U. S. Comp. St. 1901, p. 508], relating to suits between citizens of different states, and their removal from the state to the federal courts. The section alluded to declares that the Circuit Courts shall have "power to issue writs of scire facias, habeas corpus, and all other writs not specifically provided for by statute, which may be necessary to the exercise of their respective jurisdictions, and agreeable to the principles and usages of law."

Under this statute, there remains no question as to the power of such courts to issue writs of mandamus, but by judicial construction and interpretation the power is restricted and limited to such writs as are auxiliary or ancillary in character, that shall or may be necessary to the potent exercise of jurisdiction given and acquired by other and original process. In M'Intire v. Wood, 7 Cranch, 504, 505, 3 L. Ed. 420, wherein it was sought to compel a register of the Land Office to grant a final certificate of purchase, the Supreme Court of the United States says:

"Independent of the particular objections which this case presents from its involving a question of freehold, we are of opinion that the power of the Circuit Courts to issue the writ of mandamus, is confined exclusively to those cases in which it may be necessary to the exercise of their jurisdiction."

And after commenting upon the eleventh section of the judiciary act the court continues:

"But although the judicial power of the United States extends to cases arising under the laws of the United States, the Legislature have not thought proper to delegate the exercise of that power to its Circuit Courts, except in certain specified cases."

Accordingly the writ was denied. So it was said in M'Clung v. Silliman, 6 Wheaton, 598, 601, 5 L. Ed. 340:

"The fourteenth section of the act under consideration could only have been intended to vest the power now contended for in cases where the jurisdiction already exists, and not where it is to be courted or acquired, by means of the writ proposed to be sued out."

Again, in a later case, involving the power of the Circuit Court to compel the proper officers of a county to levy a tax with which to discharge certain county bonds (Bath County v. Amy, 13 Wall. 244, 249, 20 L. Ed. 539), the Supreme Court, after reviewing the aforementioned authorities, says:

"It is authorized only when ancillary to a jurisdiction already acquired. * * * The power to issue a writ of mandamus as an original and independent proceeding does not, then, belong to the Circuit Courts."

The doctrine was reasserted and reaffirmed in Graham v. Norton, 15 Wall. 427, 429, 21 L. Ed. 177, the court saying:

"Of course Circuit Courts may issue writs of mandamus when necessary to the exercise of their jurisdiction, but they have no authority to issue it as an original writ in any case."

In Rosenbaum v. Bauer, 120 U. S. 450, 7 Sup. Ct. 633, 30 L. Ed. 743, the entire subject, together with the authorities and adjudications bearing upon it, was again reviewed by the court, and it was concluded, in harmony with the utterance of the court in Bath County v. Amy, supra. In the same case was considered also the effect of the act of March 3, 1875, being "An act to determine the jurisdiction of Circuit Courts of the United States, and to regulate the removal of causes from state courts, and for other purposes," when construed in connection with section 716, supra, and it was decided, though by a divided court, that the operation of the two statutes was still to inhibit the issuing by the Circuit Court of a writ of mandamus, except in aid of a jurisdiction previously acquired. In other words, the writ could only be employed in an auxiliary or ancillary capacity, and that subsequent to the acquirement of jurisdiction by means of some suitable and fit proceeding, not as an original writ by virtue of which it is sought to obtain jurisdiction in the first instance. It cannot be used for acquirement of jurisdiction, but it may be employed in aid of the court's exercise of its powers after it has obtained jurisdiction by other and suitable process. In a very recent adjudication upon the subject, the same result was reached. I refer to the case of Mystic Milling Co. v. Chicago, M. & St. P. Ry. Co. (C. C.) 132 Fed. 289. It was there held that "a Circuit Court of the United States is without jurisdiction, either original or by removal from a state court, of an action for a writ of mandamus which is not necessary for the exercise by it of a jurisdiction which it has otherwise previously acquired." See, also, Large v. Consolidated Nat. Bank (C. C.) 137 Fed. 168.

These cases leave no room for controversy as to the adjudged power of the Circuit Courts to entertain jurisdiction of a proceeding by mandamus, and it is clear that they are without power to acquire jurisdiction originally or in the first instance through the instrumentality

of the writ. However the question might be decided now if it were one of first impression, it is not for this court to inquire. It is bound, as from the nature of the construction of the federal judicial system it should be, by the adjudications of the higher courts. However desirable it may be to have the question presented at the hearing determined, and however the court may feel that the controversy should be speedily settled one way or the other in the interest of the public, it is perfectly manifest that, if it should entertain jurisdiction to issue the writ, its judgment would be utterly void and nugatory in whatsoever court it might be called in question, and this court would be obliged to disregard it were it to arise for consideration in any real controversy between litigants. Furthermore, any expression of opinion the court might give utterance to would be obiter, and could not stand as a precedent in any future litigation.

It follows, therefore, that the petition should be dismissed, and it is so ordered.