UNITED STATES v. PHILADELPHIA & R. RY. CO.

(District Court, E. D. Pennsylvania. November 28, 1916.)

Nos. 162, 163.

1. CRIMINAL LAW ⊂⊃263—CRIMINAL PROSECUTIONS—FEDERAL COURTS—JURISDICTION.

In view of Rev. St. § 716, authorizing the federal courts to issue any appropriate process, a District Court has jurisdiction to issue a writ of venire facias against a defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 610, 611; Dec. Dig. ⊂⊃263.]

2. COURTS ⊂⊃76—CRIMINAL PROSECUTIONS—TERMS OF—TIME OPEN.

The federal District Court is open from the beginning of each session to its end for the return of writs on the criminal side, notwithstanding an adjournment sine die as a criminal court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 250–254; Dec. Dig. ⊂⊃76.]

3. CRIMINAL LAW ⊂⊃263—CRIMINAL PROSECUTIONS—TRIAL—ANSWER.

A writ of venire facias is in its very nature an ad respondendum proceeding, giving defendant who is indicted his day in court, in order that his defense may be heard, and whether his response be denominated an answer, demurrer, or plea is a mere matter of nomenclature, and the writ will not be quashed because it called for an answer, instead of a plea.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 610, 611; Dec. Dig. ⊂⊃263.]

At Law. Proceeding by the United States against the Philadelphia & Reading Railway Company. Sur motion to quash writ of venire facias. Motion denied.

The motion is as follows:

And now, this 21st day of July, A. D. 1916, comes the Philadelphia & Reading Railway Company, a corporation named as defendant in the above-entitled

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

bill of indictment, by William Clarke Mason, Esq., its attorney at law, appearing de bene esse for the sole purpose of testing the jurisdiction and power of this honorable court to issue a certain writ of venire facias issuing out of this honorable court as of July 14, A. D. 1916, and respectfully submitting itself to this honorable court for the sole purpose aforesaid, prays that the writ of venire facias issuing out of this honorable court as aforesaid, and served by the United States marshal for the Eastern district of Pennsylvania upon the above-named Philadelphia & Reading Railway Company, be quashed and declared null and void for the following reasons:

(1) That there is no jurisdiction or power in law in the United States District Court for the Eastern District of Pennsylvania to issue the aforesaid writ of venire facias.

(2) That the said writ of venire facias as issued is defective, and of no force and effect, in that it is made returnable to a session of the said court to be holden at Philadelphia on the first Monday in August, A. D. 1916, whereas the United States District Court for the Eastern District of Pennsylvania, sitting as a criminal court, adjourned sine die June 21, A. D. 1916, and the next session of the said court to which any and all writs may be made returnable is the third Monday in September next, to wit, September 18, A. D. 1916.

(3) That the said writ of venire facias is defective and void, in that the Philadelphia & Reading Railway Company, named therein as the accused in a certain bill of indictment under the above term and number, is required to come before the bar of the United States District Court for the Eastern District of Pennsylvania and to answer the aforesaid indictment, whereas there is no provision in law authorizing this honorable court to take an answer to a bill of indictment, but, on the contrary, the only pleading known to the law under such circumstances and required of an accused is a plea.

Robert J. Sterrett, Asst. U. S. Atty., and Francis Fisher Kane, U. S. Atty., both of Philadelphia, Pa.

Wm. Clarke Mason, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. [1] We first dispose of the question lying at the threshold of the consideration of the above-stated motion by directing the clerk to file the paper incorporating the motion to quash. The first ground of the motion involves, we think, an overlooking of the distinction between jurisdiction, whether of the subject-matter or of the person, and the process employed in the exercise of that jurisdiction. The criminal jurisdiction of the courts of the United States is restricted to the limits of, first, the Constitution, and after that the statutes. If statutory process has been prescribed, it must be followed. Where, however, the constitutional power exists, and has been exercised through acts of Congress conferring jurisdiction upon the courts, accompanied with authority to issue appropriate process for the assertion of this jurisdiction, the statutory basis of such jurisdiction does not imply that it is withheld whenever specific statutory process is unprovided. This distinction will supply the key to the understanding of the principles upon which the adjudged cases, to which we have been referred, were ruled. Commonwealth v. Lehigh Valley R. R., 165 Pa. 162, 30 Atl. 836, 27 L. R. A. 231.

The court there had jurisdiction of the subject-matter. It was necessary to acquire jurisdiction of the person of the defendant. No appropriate process had been provided by statute. It was held the court had the common-law power to issue process to bring the defendant into court. This ruling is of no direct aid to us because the power

there found courts of the United States do not possess. United States v. Kelso (D. C.) 86 Fed. 304, supports the writ as issued. Congress had provided no specific form of process. The court adopted that prescribed by the state law. This was supported upon the power conferred by Rev. St. § 716, to issue any appropriate process. John Gund Co. v. U. S., 204 Fed. 17, 122 C. C. A. 331, is to the same effect, with the added thought that it was likewise effective as lawful process, although served in another district than that in which the trial was had. U. S. v. Standard Oil (D. C.) 154 Fed. 728, and U. S. v. Virginia Co. (C. C.) 163 Fed. 66, give added sanction to the practice here adopted.

We see nothing in any of these rulings which conflicts with the principle laid down in Jones v. U. S., 137 U. S. 202, 11 Sup. Ct. 80, 34 L. Ed. 691, and cases of like import cited by counsel for defendant. Indeed, Bath Co. v. Amy, 80 U. S. (13 Wall.) 249, 20 L. Ed. 539, and McClung v. Silliman, 19 U. S. (6 Wheat.) 601, 5 L. Ed. 340, emphasize the distinction attempted to be pointed out above. The majority opinion in Rosenbaum v. Bauer, 120 U. S. 450, 7 Sup. Ct. 633, 30 L. Ed. 743, is far from any conflict with the cases supporting the issue of process under R. S. § 716. The proceeding there was instituted in a state court. No federal question was involved. The cause was removed to the United States District Court solely because of the diverse citizenship of the parties. It was remanded to the state court wholly upon the ground that the case as a proceeding was one of which the courts of the United States had no jurisdiction. The question was in no sense a process question, but one of jurisdiction of the proceeding.

One of the grounds upon which the remanding order was made was that the mandamus proceeding, which had been removed into the District Court, was not such a case as could under the statutes of the United States be removed from a state court. This order was affirmed by a majority ruling. The dissenting view was that this was too narrow a construction of the acts of Congress. The ruling and dissenting opinion each discuss the question as one, not of process, but of jurisdiction of the subject-matter. They are in accord in assuming the power of the United States courts to issue writs of mandamus, where such writs are appropriate process. R. S. § 716, was held to be a process provision, not as conferring jurisdiction of the subject-matter in mandamus proceedings. We are concerned with section 716 wholly as authorizing the process employed in the instant case. There is not, and cannot well be, any question raised of the jurisdiction of this court with respect to the subject-matter. All the cases support the proposition that this jurisdiction may be exercised through "appropriate process," and that the process adopted is such.

[2] The second and third grounds upon which the motion is based are alike untenable. The court is open from the beginning of each term or session to its end. Abbott v. Brown, 241 U. S. 606, 36 Sup. Ct. 689, 60 L. Ed. 1199.

[3] A writ of venire facias is by its very nature an ad respondendum proceeding. It gives a defendant his day in court in order that his de-

fense may be heard. Whether his "response" is called an answer, a demurrer, or a plea is a matter of nomenclature, with which we have no further concern.

The motion to quash is denied.